Terence N. Hawley (SBN 179106)
Email: thawley@reedsmith.com
Quynh La (SBN 341162)
Email: qla@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone: (415) 543-8700
Fax: (415) 391-8269

*Attorneys for Defendant*
*Hyatt Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUHYUN SO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

HYATT CORPORATION,

Defendant.

Case No. 2:25−cv−01298−AB−SSC

**DEFENDANT HYATT CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| Date: | August 8, 2025 |
| Time: | 10:00 a.m. |
| Judge: | Hon. André Birotte Jr. |
| Courtroom: | Courtroom 7B<br>First Street Courthouse<br>350 W. 1st Street, 10th Fl.<br>Los Angeles, CA 90012 |

Action Filed: February 14, 2025

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to the Court's Standing Order at Section 12(f), Defendant Hyatt Corporation ("Hyatt") hereby respectfully submits this Notice of Supplemental Authority in support of Hyatt's Motion to Transfer Venue or, in the Alternative, to Dismiss and Strike Plaintiff's First Amended Complaint ("Motion," ECF 18).

On August 18, 2025, after Hyatt filed its reply in support of its Motion, the Ninth Circuit issued its decision in *Morrison v. Yippee Ent., Inc.*, No. 24-7235, 2025 U.S. App. LEXIS 21024 (9th Cir. Aug. 18, 2025), attached hereto as **Exhibit A**.

The *Morrison* decision is relevant to Hyatt's contention that the Court must consider the "context of the transaction" when assessing whether a website's terms and policies are reasonably conspicuous. Further, the decision is relevant to Hyatt's arguments that its terms of service and privacy policies were reasonably conspicuous considering the visual features of its webpages.

DATED: August 21, 2025

REED SMITH LLP

By: <u>*/s/ Terence N. Hawley*</u>
Terence N. Hawley

*Attorneys for Defendant*
*Hyatt Corporation*

# Exhibit A

No *Shepard's* Signal™
As of: August 21, 2025 7:22 AM Z

# *Morrison v. Yippee Ent., Inc.*

United States Court of Appeals for the Ninth Circuit

August 12, 2025, Argued and Submitted, Pasadena, California; August 18, 2025, Filed

No. 24-7235

**Reporter**
2025 U.S. App. LEXIS 21024 *; 2025 LX 356980; 2025 WL 2389424

BRITTANY MORRISON, individually and on behalf of all others similarly situated, Plaintiff - Appellee, v. YIPPEE ENTERTAINMENT, INC., Defendant - Appellant.

**Prior History: [*1]** Appeal from the United States District Court for the Southern District of California. D.C. No. 3:24-cv-00797-MMA-KSC. Michael M. Anello, District Judge, Presiding.

**Disposition:** REVERSED AND REMANDED.

## Core Terms

conspicuous, hyperlink, arbitrate, notice, district court, user, arbitration agreement, compel arbitration, subscribe, webpage, format, visual, reasonably prudent, first instance, unambiguously, subscribe, consumer, manifest, website, assent, stream, click, font

**Counsel:** For BRITTANY MORRISON, individually and on behalf of all others similarly situated, Plaintiff - Appellee: Lawrence Timothy Fisher, Bursor & Fisher, PA, Walnut Creek, CA; Mr. Max Stuart Roberts, Yitzchak Kopel, New York, NY.

For YIPPEE ENTERTAINMENT, INC., Defendant - Appellant: Mr. Rajiv Dharnidharka, Jeanette T. Barzelay, Attorney, Foley & Lardner, LLP, San Francisco, CA.

**Judges:** Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

## Opinion

MEMORANDUM*

Yippee Entertainment, Inc. (Yippee) appeals the district court's order denying its motion to compel arbitration of Brittany Morrison's (Morrison) claim under the *Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710*. Morrison alleges that Yippee unlawfully disclosed her personally identifiable information to a third party after she subscribed to Yippee's streaming service. Yippee contends that Morrison's VPPA claim is subject to mandatory arbitration due to the Terms of Service (Terms) hyperlinked on the subscription sign-up webpage. We have jurisdiction under *9 U.S.C. § 16(a)(1)(B)*, and we reverse and remand.[1]

We review the denial of a motion **[*2]** to compel arbitration de novo. *Chabolla v. ClassPass, Inc., 129 F.4th 1147, 1150 (9th Cir. 2025)*. "The Federal Arbitration Act (FAA) requires courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Oberstein v. Live Nation Ent., Inc., 60 F.4th 505, 509-10 (9th Cir. 2023)*. "In determining whether a valid arbitration

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We **GRANT** Plaintiff-Appellee's motion for judicial notice. *See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)*.

agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014) (citation omitted). Under California law, an "enforceable agreement may be found where (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." Oberstein, 60 F.4th at 515 (citation omitted); *see also* Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856 (9th Cir. 2022) (applying California law).

1. The district court erred in concluding that Yippee's webpage did not provide reasonably conspicuous notice. Notice is "reasonably conspicuous" if it is "displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." Oberstein, 60 F.4th at 515 (citation omitted). Here, the hyperlink appeared in bright blue font against a clean white background that stood out from the surrounding text to indicate it was clickable. The hyperlink was also located directly above **[*3]** the "Start subscription" button—precisely where a user would expect it within the natural visual path of completing the subscription process—and alongside the statement that, "[b]y clicking below, you agree to our Terms of Service." The format of Yippee's webpage was also not so visually cluttered that it distracted from the hyperlink, and the presence of other hyperlinks or placement within a multi-line paragraph did not negate its conspicuousness. *See* Keebaugh v. Warner Bros. Ent. Inc., 100 F.4th 1005, 1020-21 (9th Cir. 2024). Because we "can fairly assume that a reasonably prudent Internet user would have seen [the hyperlink]" based on these features, there was reasonable notice. Oberstein, 60 F.4th at 515-16 (quoting Berman, 30 F.4th at 856); *see also* Chabolla, 129 F.4th at 1157.

In addition to these visual features, the "context of the transaction" further demonstrates that the Terms were reasonably conspicuous. Oberstein, 60 F.4th at 516. A reasonable user subscribing to Yippee's recurring streaming service would have "contemplate[d] some sort of continuing relationship" that prompted scrutiny of the website for any contractual obligations or terms. *Id.* (quoting Sellers v. JustAnswer LLC, 289 Cal. Rptr. 3d 1, 29 (Cal. Ct. App. 2021)); *see also* Chabolla, 129 F.4th at 1155-56. Even the district court recognized as much. Thus, under the "totality of the circumstances," Oberstein, 60 F.4th at 514, Yippee's notice was reasonably conspicuous.

2. The district court did not reach the remaining **[*4]** issues raised on appeal, including (a) whether Morrison unambiguously manifested assent to the Terms; (b) whether the delegation provision requires the arbitrator to decide threshold arbitrability issues; (c) whether Morrison's VPPA claim falls within the scope of the arbitration clause; and (d) whether Yippee can enforce the arbitration agreement as a non-signatory, third-party beneficiary per the terms or under equitable estoppel principles. Because appellate courts ordinarily "do not decide in the first instance issues not decided below," Zivotofsky ex rel. Zivotofsky v. Clinton, 566 U.S. 189, 201 (2012) (citation omitted), we remand for the district court to address these remaining issues in the first instance.

**REVERSED AND REMANDED**.

---

**End of Document**