**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JUHYUN SO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION,<br><br>Defendant. | Civil Action No.: 1:25-cv-10483<br><br>Hon. Matthew F. Kennelly |

# DEFENDANT HYATT CORPORATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

In connection with Hyatt's pending Motion to Dismiss and Strike the Second Amended Complaint (ECF 53, 54, 61), Plaintiff filed a "Notice of Supplemental Authority" regarding *Gianne v. Accor Management US Inc. et al.*, Case No. 2:25-cv-02425-DMG-Ex (C.D. Cal. March 31, 2026). Plaintiff contends *Gianne* is relevant to consent, whether Plaintiff has alleged a tort based on the California Guest Record Statute for purposes of the Electronic Communications Privacy Act's ("ECPA") crime-tort exception to single-party consent, and whether Plaintiff has plausibly alleged communicative content and interception in transit under the ECPA.

*Gianne* is inapposite. First, *Gianne* involves only claims under the California Invasion of Privacy Act ("CIPA"). Here, Plaintiff abandoned his CIPA claims, which he concedes are barred by the Illinois choice-of-law clause in the World of Hyatt Terms. Second, *Gianne* does not address the ECPA's single-party consent standard. Third, *Gianne* does not address the "crime-tort" exception to single-party consent. Nor does it hold the California Guest Record Statute can be used as a predicate "tort" for an ECPA violation, that it can circumvent an enforceable choice-of-law clause, or that it can be applied beyond California. Fourth, *Gianne* addressed Guest Record Statute violations in the context of a CIPA section 632 recording claim. No comparable claim is alleged here. Further, *Gianne* does not cover Hyatt's contentions that Plaintiff failed to plausibly allege

his identifying information was "paired" with booking information regarding a Hyatt-owned or operated property or that he received targeted ads. Fifth, as to two-party consent, *Gianne* focused on the defendant's "Cookies banner." Here, Hyatt's arguments turn primarily on Plaintiff's consent via the World of Hyatt Terms and enrollment workflow (and related law-of-the-case arguments) as well as Hyatt's booking interface. Sixth, *Gianne* does not address Plaintiff's failure to plausibly allege simultaneous interception of communications under the ECPA.

Dated: April 10, 2026

Respectfully submitted,

By: */s/ Terence N. Hawley*
Terence N. Hawley

**REED SMITH LLP**
Terence N. Hawley (*Pro Hac Vice*)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: thawley@reedsmith.com
*Attorneys for Defendant Hyatt Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Terence N. Hawley*
Terence N. Hawley